*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* C. WEST-JEFFERSON, Minor.

UNPUBLISHED
October 23, 2024
10:16 AM

No. 369631
Wayne Circuit Court
Family Division
LC No. 2015-520977-NA

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to the minor child, CWJ, under MCL 712A.19b(3)(i) (failure to rectify conditions that led to prior terminations), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent). For the reasons stated in this opinion, we affirm the trial court's order taking jurisdiction over CWJ but vacate the order terminating parental rights as to respondent-mother and remand for further proceedings.[1]

## I. BACKGROUND

CWJ is the eleventh child born to respondent-mother, who previously had her parental rights terminated as to eight other children. In May 2023, petitioner, the Department of Health and Human Services (DHHS), filed a petition for permanent custody, requesting that the trial court take jurisdiction over CWJ and terminate respondent-mother's parental rights. The petition alleged that respondent-mother's rights should be terminated due to her homelessness and neglect of CWJ, her failure to seek adequate prenatal care, and her prior Children's Protective Services (CPS) history and terminations with respect to CWJ's siblings.

---

[1] The order terminating respondent-mother's parental rights also applied to the unknown respondent-father, who is not a party to this appeal. The termination order is not vacated as to respondent-father.

-1-

At the preliminary hearing, Kenya Brown, author of the petition and a CPS employee, testified that it was contrary to CWJ's welfare to be in the care of respondent-mother, and recommended that the court terminate respondent-mother's parental rights. At the time, CWJ was placed with respondent-mother's friend pursuant to a safety plan. However, Brown testified that CWJ would likely be removed from the friend's care. The court authorized the petition, and following the hearing, CPS removed CWJ from the friend and placed him with Derrick Davis, the father to two of CWJ's biological siblings.

In July 2023, the trial court held a combined adjudication and statutory-grounds hearing. Brown again recommended that the court terminate respondent-mother's parental rights based on the circumstances leading to her prior terminations, her failure to complete prior services, her lack of housing, and her limited prenatal care while pregnant with CWJ. In August 2023, the trial court issued a written opinion and dispositional order, finding jurisdiction over CWJ by a preponderance of the evidence under MCL 712A.2(b)(1) and (2), and that a statutory basis existed for the termination of respondent-mother's parental rights under MCL 712A.19b(3)(i) and (j).

The best-interests hearing was held over two days in September and October 2023. Anette Honstain, a foster care supervisor with the Children's Center, testified regarding respondent-mother's visitation, lack of attendance at CWJ's medical appointments, and outstanding housing concerns. Honstain also indicated that CWJ may have been harmed while in the care of respondent-mother's friend. Honstain concluded that it was in CWJ's best interests to terminate respondent-mother's parental rights and allow Davis to adopt him. Brown concurred with Honstain's recommendation. Respondent-mother testified that she wanted CWJ to live with her, highlighting her newly obtained housing and changes that she made in her life to allow her to care for CWJ. The trial court found by a preponderance of the evidence that it was in CWJ's best interests to terminate respondent-mother's parental rights.

This appeal followed.

## II. STATUTORY GROUNDS

Respondent-mother argues that the trial court clearly erred in its determination that statutory grounds for termination existed under MCL 712A.19b(3)(i) and (j). We vacate the trial court's termination order as to respondent-mother and remand for the court to clearly articulate its reasoning, including the evidence on which the court relied in support of its finding of statutory grounds for termination of respondent-mother's parental rights pursuant to MCL 712A.19b(3)(i) and (j).

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022) (quotation marks and citation omitted). This Court reviews for clear error a trial court's finding that statutory grounds exist for termination. *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 272-273; 976 NW2d 44 (2021) (quotation marks and citation omitted). This Court need not consider additional grounds for the trial court's

decision if termination was supported by at least one statutory ground. *Jackisch/Stamm-Jackisch*, 340 Mich App at 333-334. "Even if conditions improved in the months before the termination hearing, a trial court may look to the totality of the evidence to determine whether a parent accomplished meaningful change in the conditions that led to adjudication." *Id*. at 334.

Following a combined adjudication and statutory-grounds hearing, the trial court issued an opinion and dispositional order on August 14, 2023, finding jurisdiction over CWJ by a preponderance of the evidence under MCL 712A.2(b)(1) and (2), and that a statutory basis existed for the termination of respondent-mother's parental rights under MCL 712A.19b(3)(i) and (j).

MCL 712A.19b(3) provides:

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

In support of its determination that statutory grounds existed to terminate respondent-mother's parental rights, the trial court's opinion and order first lists eight children that respondent-mother previously had her parental rights terminated to and the dates that those terminations occurred in Wayne County. The opinion and order then states:

Upon direct examination of the Petitioner, the mother lacked prenatal care, however, the mother did have "a few appointments." The mother is currently unhoused and cannot provide proper care or custody. However, the mother lives in a hotel and might be eligible for Section 8 and there may be a reasonable expectation that the mother might be able to provide proper care and custody within a reasonable time considering the child's age. The mother did not abandon the child [CWJ].

The trial court's two brief paragraphs that purport to analyze statutory grounds do not contain any information as to why respondent-mother's rights were terminated as to the other children (only that two children were terminated by voluntary release) or any factual findings regarding how respondent-mother failed to rectify the conditions that led to the prior terminations. Further, the opinion does not contain the trial court's explanation as to how CWJ would be harmed if returned to respondent-mother. In other words, the trial court did not explain how the requirements of MCL 712A.19b(3)(i) and (j) were established by clear and convincing evidence. Without an indication of the facts on which the trial court relied and an explanation for why those facts established a statutory ground for termination, this Court is unable to review the trial court's finding that statutory grounds for termination exist. Although respondent-mother did not raise this

as an issue on appeal, this Court cannot properly analyze the arguments that she did raise on appeal[2] without this information from the trial court.

We therefore vacate the trial court's order terminating parental rights as to respondent-mother and remand for clarification of the evidence on which the trial court relies in support of its finding of statutory grounds, and an explanation for why those factual findings support a conclusion that the DHHS established a statutory ground for termination by clear and convincing evidence. In light of this disposition, we need not address respondent-mother's arguments regarding the best-interests analysis at this time.

III. CONCLUSION

We affirm the trial court's order taking jurisdiction over CWJ, vacate the order terminating parental rights as to respondent-mother, and remand for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[2] Respondent-mother argues that the conditions that led to her prior terminations have been rectified as she had secured housing and a job. She further argues that she was making progress toward reunification as demonstrated by her appropriate parenting during visits and her making plans as to how to support herself and CWJ. Respondent-mother also states that she is willing to participate in services and undergo mental health treatment, such that the trial court's finding that CWJ would be harmed if returned to her was error.

-4-

# Court of Appeals, State of Michigan

# ORDER

Michael F. Gadola
Presiding Judge

IN RE C WEST-JEFFERSON MINOR

Colleen A. O'Brien

Docket No. 369631

LC No. 2015-520977-NA

Allie Greenleaf Maldonado
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, we remand for clarification of the evidence on which the trial court relies in support of its finding of statutory grounds, and an explanation for why those factual findings support a conclusion that the DHHS established a statutory ground for termination by clear and convincing evidence. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 23, 2024
Date

Chief Clerk